IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.: 14-cr-00163-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     SHANNON CONLEY,

    Defendant.

---

## PLEA AGREEMENT AND STATEMENT OF FACTS RELEVANT TO SENTENCING

---

The United States of America (the government), by and through Gregory Holloway, Assistant United States Attorney for the District of Colorado, and the defendant, SHANNON CONLEY personally and by counsel, Robert Pepin, submit the following Plea Agreement and Statement of Facts Relevant to Sentencing, pursuant to D.C.Colo.LCrR 11.1.

### I. PLEA AGREEMENT

The defendant agrees to plead guilty to a one-count Information which charges her with Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization, a violation of 18 U.S.C. § 371, referencing 18 U.S.C. § 2339B.

The government agrees that a three-point reduction in the offense level for

Court's Exhibit

1

acceptance of responsibility is appropriate pursuant to United States Sentencing Commission, Guidelines Manual, § 3E1.1(a)(Nov. 2013).

The government further agrees not to charge the defendant in United States District Court for the District of Colorado with any additional criminal activity currently known to the government provided the defendant fulfills the terms of the plea agreement and cooperates completely and truthfully as described below.

As part of this disposition, the defendant agrees to cooperate and debrief completely and truthfully with Federal Bureau of Investigation ("FBI") agents and other law enforcement officials concerning her knowledge of other individuals involved in providing or attempting to provide material support in any form to any terrorist organization; and any other criminal activity in the District of Colorado and/or elsewhere. The United States agrees to fully and fairly consider the information provided pursuant to § 5K of the Sentencing Guidelines and Policy Statements. The United States, in its sole discretion, will determine whether the defendant has provided substantial assistance. The defendant also agrees to testify truthfully before a grand jury or petit jury in this case and any future prosecution arising out of her cooperation.

If the defendant provides substantial assistance in the debriefing described above, by fully and truthfully disclosing all information known to her concerning the matters referenced above, the government will file a motion for downward departure pursuant to § 5K1.1 of the Sentencing Guidelines. The United States, in its sole discretion, will

2

determine the amount of any downward departure request pursuant to § 5K1.1.

## II. ELEMENTS OF THE OFFENSE

In order to establish a violation of 18 U.S.C. § 371, the government would need to prove that:

1) The defendant agreed with at least one other person to violate the law;

2) one of the conspirators engaged in at least one overt act furthering the conspiracy's objective;

3) the defendant knew the essential objective of the conspiracy;

4) the defendant knowingly and voluntarily participated; and,

5) there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

Tenth Circuit Pattern Criminal Jury Instruction 2.19 (2011).

For a violation of 18 U.S.C. § 2339B, Providing and Attempting to Provide Material Support to a Designated Foreign Terrorist Organization, the government must prove:

1. The defendant did knowingly provide and attempt to provide material support and resources to a foreign terrorist organization;

2. That the defendant knew that the foreign terrorist organization was a designated terrorist organization, that had engaged in and was engaging in terrorist activity and terrorism; and,

3

3. That the offense occurred in whole or in part within the United States.

18 U.S.C. § 2339B.

Material support and resources means any property, tangible or intangible, or service, including training, expert advice or assistance, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation.

Training means instruction or teaching designed to impart a specific skill, as opposed to general knowledge.

Expert advice or assistance means advice or assistance derived from scientific, technical or other specialized knowledge.

18 U.S.C. § 2339A(b)(1)(2) and (3), *modified*.

### III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 371 is not more than 5 years imprisonment; not more than a $250,000 fine, or both; not more than 3 years supervised release; $100.00 special assessment fee.

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

A violation of the conditions of probation or supervised release may result in a separate prison sentence.

4

The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the offense level is greater than 35 and imposes a sentence based upon that offense level determination. Except as provided above, the defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742. The defendant also knowingly and voluntarily waives her right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct. Additionally, if the government appeals the sentence imposed by the Court, the defendant is released from this waiver provision.

## IV. STIPULATION OF FACTUAL BASIS AND FACTS RELEVANT TO SENTENCING

The parties agree that there is no dispute as to the material elements which establish a factual basis of the offense of conviction.

Pertinent facts are set out below in order to provide a factual basis for the plea and to provide facts which the parties believe are relevant, pursuant to § 1B1.3, for computing the appropriate guideline range. To the extent the parties disagree about the facts relevant to sentencing, the statement of facts identifies which facts are known to be in dispute at the time of the plea. (§ 6B1.4(b))

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein which are relevant to the advisory guideline computation (§ 1B1.3) or to sentencing in general (§ 1B1.4). Nor is the Court or Probation precluded from the consideration of such facts. In "determining the factual basis for the sentence, the Court will consider the stipulation [of the parties], together with the results of the pre-sentence investigation, and any other relevant information." (§ 6B1.4 Comm.)

The parties agree that the government's evidence would show that the date on which the conduct relevant to the offense (§ 1B1.3) began is approximately September of 2013.

The parties agree that the government's evidence would be:

## A. The Conspiracy

1. From on or about sometime in February 2014, and continuing through on or about April 8, 2014, the exact dates being unknown, in the State and District of Colorado and elsewhere, Defendant Shannon Maureen Conley and co-conspirator Yousr Mouelhi did unlawfully, voluntarily, intentionally, knowingly and willfully conspire, combine, confederate, and agree together with each other and other individuals both known and unknown to commit an offense against the United States, specifically to provide and attempt to provide material support and resources to a designated foreign terrorist organization, specifically Al-Qaeda (AQ) and its affiliates, including Al-Qaeda in Iraq (AQI), a/k/a the Islamic State of Iraq (ISI), a/k/a the Islamic State of Iraq and Al Sham (ISIS), a/k/a the Islamic State of Iraq and the Levant (ISIL), continuously designated since December 17, 2004, all in violation of Title 18, United States Code, Section 2339B.

## B. Manner and Means of the Conspiracy

2. The conspiracy was accomplished, in part, through the following manner and means:

3. Sometime in 2014, Defendant Shannon Maureen Conley met Yousr Mouelhi on the internet. During their communications, Conley and Mouelhi shared their view of Islam as requiring participation in violent jihad.

Mouelhi communicated to Conley that he was an active member of an Al-Qaeda (AQ) affiliate fighting in Syria known as the Islamic State of Iraq and Al Sham (ISIS), a/k/a Al-Qaeda in Iraq (AQI), a/k/a the Islamic State of Iraq (ISI), a/k/a a/k/a the Islamic State of Iraq and the Levant (ISIL). Conley and Mouelhi decided to become engaged; and, together with each other and others both known and unknown, arranged to have Conley travel to Syria and be with Mouelhi.

4. Before traveling to Syria, Conley was to refine and obtain additional training and skills in order to provide support and assistance to any AQ and/or ISIS fighter. Conley and Mouelhi planned for Conley to provide support and assistance and to fight should it be deemed necessary.

### C. Overt Acts of the Conspiracy

5. In furtherance of the conspiracy, Defendant Conley and co-conspirator Mouelhi acted interdependently and committed one or more overt acts, including but not limited to the following:

6. On or about September 7, 2013, Defendant Conley joined the US Army Explorers (USAE) to be trained in US military tactics and in firearms.

7. Between and on or about February 7, 2014 through February 9, 2014, Defendant Conley traveled to Texas and attended the USAE training.

8. On or about March 29, 2014, Mouelhi, together with others, arranged for an airline ticket to be purchased for Defendant Conley to travel to Turkey, departing from Denver on April 8, 2014.

9. On or about April 8, 2014, Defendant Conley went to Denver International Airport (DIA) to fly to Turkey.

### D. Additional Facts

10. The defendant knew that ISIS is a designated foreign terrorist organization, specifically an Al-Qaeda (AQ) affiliate, which includes Al-Qaeda in Iraq (AQI), a/k/a the Islamic State of Iraq (ISI), a/k/a the Islamic State of Iraq and Al Sham (ISIS), a/k/a the Islamic State of Iraq and the Levant (ISIL).

11. At the time of her arrest, the defendant had in her possession a list of contacts including phone numbers. Yousr Mouelhi was listed. The defendant also had a number of items demonstrating proficiency and certifications for a variety of specialized skills, including first aid/nursing certification, US Army Explorers certification, National Rifle Association certification, and a field first aid manual.

12. During a search of Conley's residence, agents recovered DVDs of Anwar Al-Awlaki lectures and a number of books and articles about Al-Qaeda, its affiliate groups, and jihad. Agents also recovered shooting targets labeled with the number of rounds fired and distances.

## V. SENTENCING COMPUTATION

The parties understand that the court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed, and that the court is not bound by any position of the parties. (§ 6B1.4(d))  The court is free, pursuant to §§ 6A1.3 and 6B1.4, to reach its own findings of facts and sentencing factors considering the parties' stipulations, the pre-sentence investigation, and any other relevant information. (§ 6B1.4 Comm.; § 1B1.4)

To the extent the parties disagree about the sentencing factors, the computations below identify the factors which are in dispute. (§ 6B1.4(b)).

The 2013 Edition of the Sentencing Guidelines is applicable to this case.

A. The base guideline is § 2X1.1(a), referencing § 2M5.3(a), with a base offense level of 26.

B. There are no specific offense characteristics.

C. The victim related adjustment for a crime of terrorism applies pursuant to § 3A1.4(a), adding 12 levels.

D. The adjusted offense level would therefore be 38.

E. The defendant should receive a 3-level adjustment for acceptance of responsibility. The resulting offense level would therefore be 35.

F. The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court. Known facts

regarding the applicable criminal history are as follows:

The defendant has no known criminal history. However, by operation of the victim related adjustment above, the criminal history category is VI. § 3A1.4(b).

Based on that information, if no other information were discovered, the defendant's criminal history category would be VI.

G. Assuming the (tentative) criminal history facts of (F) above, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

H. The guideline range resulting from the estimated offense level of 35 above, and the (tentative) criminal history category of VI above, is 292 to 365 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the estimated offense level 35 above could conceivably result in a range from 168 months (bottom of Category I), to 365 months (top of Category VI). The sentence would be limited, in any case, by the statutory maximum which is 60 months.

I. Pursuant to guideline § 5E1.2, assuming the estimated offense level of 35 above, the fine range for this offense would be $20,000 to $200,000, plus applicable interest and penalties.

J. Pursuant to guideline § 5D1.2, if the Court imposes the term of supervised release, that term shall be not less than two years and not more than 3 years.

## VI. WHY THE PROPOSED PLEA DISPOSITION IS APPROPRIATE

The parties believe the proposed plea agreement is appropriate because all relevant

conduct is disclosed, the sentencing guidelines take into account all pertinent sentencing factors with respect to this defendant, and the charges to which the defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: 09/09/2014

Shannon Conley
Defendant

Date: 09/09/2014

Robert Pepin
Attorney for Defendant

Date: 09-10-2014

Gregory A. Holloway, WSBA #28743
Assistant U.S. Attorney