IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.    14-cr-00163-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **SHANNON MAUREEN CONLEY**,

    Defendant.

_____

**MOTION FOR RELEASE ON BOND**
_____

Shannon Maureen Conley, through her attorney Assistant Federal Public Defender Robert W. Pepin, moves this Court to relieve her of the detention order entered on April 14, 2014 and allow her release on bond pending sentencing.

**Procedural History**

On April 14, 2014 Shannon Conley, having been arrested pursuant to a warrant, was ordered detained by U.S. Magistrate Judge Kristen Mix. Ms. Conley did not contest detention at that time.[1] On April 22, 2014, Ms. Conley executed a **Waiver of Indictment** (Document #16) and an **Information** (Document #15), charging her with Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization was filed.

---

[1] **See Court Room Minutes for Preliminary Hearing and Detention Hearing** (Document #9) indicating that Ms. Conley did not contest detention and waived her right to a preliminary hearing. The **Order of Detention** is Document #12.

On September 10, 2014, Ms. Conley changed her plea to the offense charged in the information from not guilty to guilty. Her sentencing has been scheduled for January 23, 2015.

**Relevant Authorities on Bail**

Pretrial release and detention are governed by 18 U.S.C. § 3142, a provision of the Bail Reform Act. "Generally, the Act allows the detention of a defendant pending trial only if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Ingle*, 454 F.3d 1082, 1084 (10th Cir. 2006).

Under §§ 3142(e) and (f), a defendant may be detained based on danger to the community only if the court finds by clear and convincing evidence that no conditions of release will reasonably assure the community's safety. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). The government's burden of proof on the question of risk of flight is governed by the preponderance of the evidence standard. *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir.1985).

A court's decision on this issue is guided by four factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community. § 3142(g)(1)-(4).

Release or detention of a defendant pending sentence is guided by 18 U.S.C. § 3143. Under § 3143 (a)(1) a court shall order that a person who has been found guilty of an offense and is awaiting imposition or execution of sentence be detained unless the

court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under conditions outlined in 18 U.S.C. § 3142 (b) or (c).  With such a finding the court shall order the person's release.

Section 3143(a)(2) provides more significant roadblocks to release pending sentencing in situations where the defendant has been convicted of, and is pending sentencing for, certain categories of more aggravated offenses.[2]  Ms. Conley did not plead guilty to any of those aggravating groups of cases, therefore the more stringent provisions of (a)(2) do not apply to her.

**The bail hearing before this Court is *de novo***

Under 18 U.S.C. § 3145(a)(1), the district court makes its own *de novo* determination of the facts with no deference to the magistrate judge's findings or conclusions.  *United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir.1990); *United States v. Cruickshank*, 150 F.Supp.2d 1112, 1113 (D.Colo.2001); *United States v. Walters*, 89 F.Supp.2d 1217, 1219–20 (D.Kan.2000).

The district court's conduct of an evidentiary hearing is not limited to situations where new evidence is being offered.  *Koenig*, supra, 912 F.2d at 1193.  Because the district court reviews the magistrate judge's order *de novo*, it must take into account any additional information and circumstances put before it that may not have been

---

[2] Section 3143(a)(2) refers to 18 U.S.C. § 3142(f)(1) which specifies those offenses as: (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which the maximum penalty is greater than 10 years; (B) an offense for which the maximum sentence is life imprisonment or death; (c) offenses involving the Controlled Substances Act for which the maximum penalty is greater than 10 years or chapter 705 of title 46.

presented to the Magistrate Judge. *United States v. Ruiz-Corral* 338 F.Supp.2d 1195, 1196 (D.Colo.2004.)

The structure of the Bail Reform Act also suggests that the district court's review should be of a more plenary nature than that of a court of appeals. The magistrate's detention order can be issued only after a hearing "held immediately upon the person's first appearance" unless a continuance is sought. 18 U.S.C. § 3142(f). Because of the promptness contemplated by the Act, "magistrates traditionally play a preliminary role in these determinations." *United States v. Hurtado*, 779 F.2d 1467,1481(11th Cir. 1985).

**Ms. Conley is not likely to flee or pose a danger to the safety of any other person or the community if released**.

1. Ms. Conley has been thoroughly humbled. Before her arrest the possibility of incarceration for committing the offense to which she has pleaded guilty was no more than a vague notion in the life of an 18 year old eager to be married. Before her arrest on April 8, 2014, she had never seen the inside of a jail, could go where she wanted, when she wanted, eat what her religion allowed, pray and attend mosque as her faith dictated. Before her arrest Ms. Conley had never lived any where other than with her parents. Now she has been in custody for over five months, held in three separate detention facilities, borne the frustration and indignities experienced by every prisoner, and had every single facet of her life controlled twenty four hours a day. She also knows that, even if released, she is facing the possibility of additional incarceration, which she knows she can handle. Ms. Conley is well aware that every step she takes could play a part in the sentence she will eventually have to serve.

2. Prior to the time of her arrest, Ms. Conley had never engaged in criminal conduct of any sort.  She has no adult or juvenile criminal record.  She has never committed any act of violence against any person or creature.  To the contrary, prior to the time of her arrest Ms. Conley worked as a certified nursing assistant (CNA) caring for the elderly and the infirm.  As a CNA she provided routine care such as bathing, dressing, and feeding her patients, making beds, and cleaning rooms.  She did not have the training to attend to more advanced medical care but provided a one on one, caring, human touch.

3. Since her arrest, Ms. Conley's relationship between her and her family has re-energized.  Their communications are substantive and caring.  If released she will live with her father and mother pending sentencing.  Her parents cooperated with the authorities prior to and post Ms. Conley's arrest.  They are willing to assume the responsibilities of designated custodians, to assume supervision and to report any violations of a release condition to the court, and to reasonably assure the court that their daughter will appear as required and not pose a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(c)(B)(i).

4. For months prior to her arrest Ms. Conley met with federal law enforcement agents, knowing that they were federal law enforcement agents.  By and large, the information provided in the Complaint filed in this case came from those open discussions.  She did not hide her beliefs

        as they had developed to that point in time and openly engaged in friendly conversations with agents time and time again. Her track record is one of cooperation. She will cooperate with any condition of release imposed by this Court.

5. As the Court knows, Ms. Conley's religious beliefs played a part in her committing the crime to which she has pleaded guilt. One might wonder what part those beliefs might play in her being a risk of flight or a danger to the community now. The Court should know the following. Ms. Conley is Muslim. She intends to remain a Muslim. However, as she was exploring her faith she was exposed to teachings through which she was terribly misled. She knows she was misled. She is eager for further study and has no intention of pursuing the course she was on when she went to Denver International Airport on April 8th.

6. Law enforcement authorities are in possession of her passport. She and her parents are amenable to taking whatever steps are necessary to support electronic monitoring, should that be a condition of release. Ms. Conley would, of course, comply with any additional conditions of release.

Ms. Conley is not likely to flee or pose a danger to the safety of any other person or the community if released. She asks that she be released pending sentencing, upon any conditions the Court finds are appropriate, and that a hearing be set to address the question of bond.

Respectfully submitted,

VIRGINIA GRADY
Federal Public Defender


s/Robert W. Pepin
ROBERT W. PEPIN
Assistant Federal Public Defender
633 - 17th Street, Suite 1000
Denver, Colorado   80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
E-mail: robert_pepin@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2014, I electronically filed the foregoing

**MOTION FOR RELEASE ON BOND**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Gregory Holloway, Assistant U.S. Attorney
        Greg.Holloway@usdoj.gov


and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:


    Shannon Conley        *(U.S. Mail)*


                s/Robert W. Pepin
                ROBERT W. PEPIN
                Assistant Federal Public Defender
                633 - 17th Street, Suite 1000
                Denver, Colorado   80202
                Telephone:  (303) 294-7002
                FAX:  (303) 294-1192
                E-mail: robert_pepin@fd.org
                Attorney for Defendant